**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. SQUIRES, in his official capacity performing the functions and duties of the *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*, and the UNITED STATES PATENT AND TRADEMARK OFFICE<br><br>Defendants. | Civil Action No. 1:26-cv-02072-RDA-WBP |

# <u>ADMINISTRATIVE RECORD</u>

## Reexamination No. 90/016,097

**U.S. DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

September 10, 2026

**THIS IS TO CERTIFY** that the annexed is a true copy from the electronic records (IFW) of the United States Patent and Trademark Office of the file wrapper and contents of the patent reexamination identified below:

**REEXAM NO:** **90/016,097**

**FILING DATE:** **March 29, 2026**

**INVENTION:** **METHOD OF MANUFACTURING A MAGNETORESISTIVE RANDOM ACCESS MEMORY (MRAM)**

By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

***/s/ Candice Kilby***

***Certifying Officer***

**ADMINISTRATIVE RECORD – Reexamination No. 90/016,097**

**TABLE OF CONTENTS**


| Date | Document | Page Range |
|---|---|---|
| 05/27/2026 | Decision on Reexamination Request | A1-A10 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,097 | 03/29/2026 | 11968909 | I0508.70000US10 | 5276 |

23628 7590 05/27/2026
WOLF GREENFIELD & SACKS, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210-2206

| EXAMINER |
|---|
| ANDUJAR, LEONARDO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/27/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

May 27, 2026

MICHELLE E. ARMOND
4685 MACARTHUR COURT
SUITE 390
NEWPORT BEACH, CA 92660

**EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM**

REEXAMINATION CONTROL NO. : 90016097
PATENT NO. : 11968909
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Wolf Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206

(For Patent Owner)

Michelle E Armond
4685 MacArthur Court, Suite 390
Newport Beach, CA 92660

(For Third Party Requester)

*In re* Yuasa
U.S. Patent No.: 11,968,909 B2
*Ex Parte* Reexamination
Control No.: 90/016,097
Filed: March 29, 2026

: **DECISION *SUA SPONTE***
: **VACATING *EX PARTE***
: **REEXAMINATION REQUEST**
: **FILING DATE AND DISMISSING**
: **PETITIONS AS MOOT**

This decision constitutes notice that the filing date of March 29, 2026, which was assigned to the request for the above-captioned *ex parte* reexamination, is hereby **vacated** because the estoppel provisions of 35 U.S.C. 315(e)(1) apply to requester with respect to claims requested to be reexamined, and thus, the request fails to comply with 37 CFR 1.510(a).

This decision also addresses patent owner's petitions filed on May 8, 2026, entitled "Patent Owner's Petition Under 37 C.F.R. § 1.183 to Waive the Rules Necessary to Authorize the Filing of Patent Owner's Accompanying Petition Under 37 C.F.R. § 1.181" (patent owner's 1.183 petition) and "Patent Owner's Petition Under 37 C.F.R. § 1.181 Regarding the Applicability of 35 U.S.C. § 315(e)(l) and § 315(d) to the Pending Reexamination Request" (patent owner's 1.181 petition). This decision further addresses requester's May 19, 2026 petition entitled "Petition Under 37 C.F.R. § 1.183 to Waive the Rules Necessary to Authorize the Filing and Consideration of Requester's Accompanying Petition Under 37 [C.F.R.] § 1.181" (requester's 1.183 petition) and accompanying paper entitled "Petition Under 37 C.F.R. § 1.181 Opposing Patent Owner's Pre-reexamination Order Petition Under 37 C.F.R. § 1.181" (opposition).

The *ex parte* reexamination request deposited on March 29, 2026 and assigned control no. 90/016,097 (request), patent owner's May 8, 2026 petitions, requester's May 19, 2026 petition and opposition, and the record as a whole, are before the Office of Patent Legal Administration for consideration. Patent owner's 1.183 petition and 1.181 petition, and requester's 1.183 petition and opposition, are **dismissed as moot** in view of the present decision *sua sponte* vacating the filing date of the present reexamination request.

## STATUS OF THE CLAIMS

U.S. Patent No. 11,968,909 B2 (the '909 patent) issued from Application No. 18/219,320 on April 23, 2024. Claims 1-20 are original claims of the '909 patent. According to Office records, the '909 patent is currently assigned to Godo Kaisha IP Bridge 1 (IP Bridge or patent owner). On

February 10, 2025, patent owner filed a statutory disclaimer of claims 1-4, 7, and 8 of the ’909 patent.[1]

On April 28, 2026, the Patent Trial and Appeal Board (PTAB) issued a final written decision under 35 U.S.C. 318(a) in IPR2024-01494 (the ’1494 IPR) determining that petitioner Western Digital Technologies, Inc. (Western Digital) failed to demonstrate, by a preponderance of the evidence, that claims 5, 6, and 9-20 were unpatentable.[2]

## DECISION

### I. The estoppel provisions of 35 U.S.C. 315(e)(1) apply to requester

37 CFR 1.510(a) provides, in pertinent part:

> Any person may, at any time during the period of enforceability of a patent, file a request for an *ex parte* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501, unless prohibited by 35 U.S.C. 315(e)(1) or 35 U.S.C. 325(e)(1).

35 U.S.C. 315(e)(1) provides:

> PROCEEDINGS BEFORE THE OFFICE.—The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under [35 U.S.C.] 318(a), or the real party in interest or privy of the petitioner, may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

Whether estoppel under 35 U.S.C. 315(e)(1) due to a prior *inter partes* review applies to a claim requested to be reexamined on any of the grounds raised in an *ex parte* reexamination request involves a consideration of four elements:[3]

1. Whether the third party requester was a petitioner in the *inter partes* review, or was a real party in interest or a privy of the petitioner;

2. Whether the claim(s) of the patent under *inter partes* review are also requested to be reexamined in the *ex parte* reexamination request;

3. Whether the *inter partes* review has resulted in a final written decision pursuant to 35 U.S.C. 318(a); and

---

[1] *See* “Disclaimer in Patent Under 37 CFR 1.321(a),” filed February 10, 2025 in Application No. 18/219,320.
[2] *Western Digital Technologies, Inc. v. Godo Kaisha IP Bridge 1*, IPR2024-01494, Paper 58, p. 53 (PTAB Apr. 28, 2026).
[3] The four elements set forth in this decision are found in the language of the statute. *See* 35 U.S.C. 315(e)(1).

4. Whether the ground(s) raised in the *ex parte* reexamination request are the ground(s) that were raised or reasonably could have been raised by the requester during the *inter partes* review.

**A. The record sufficiently shows that element 1 is satisfied**

To satisfy element 1, the record must sufficiently show that the third party requester of the present reexamination request was a petitioner in the *inter partes* review, or was a real party in interest or a privy of the petitioner. The record shows that Western Digital is the third party requester of the present reexamination request[4] and was the petitioner in the '1494 IPR.[5] Accordingly, the record sufficiently shows that element 1 has been satisfied.

**B. The record sufficiently shows that element 2 is satisfied**

To satisfy element 2, the record must sufficiently show that the claims of a patent under *inter partes* review are also requested to be reexamined in the present reexamination request.[6] Claims 5, 6, and 9-20 of the '909 patent are requested to be reexamined in the present reexamination request.[7] The record shows that claims 5, 6, and 9-20 of the '909 patent were also under review in the '1454 IPR.[8] Accordingly, the record sufficiently shows that element 2 has been satisfied.

**C. The record sufficiently shows that element 3 is satisfied**

To satisfy element 3, the record must sufficiently show that the *inter partes* review has resulted in a final written decision pursuant to 35 U.S.C. 318(a). The record shows that on April 28, 2026, the PTAB issued a final written decision pursuant to 35 U.S.C. 318(a) regarding claims 5, 6, and 9-20 of the '909 patent in the '1494 IPR.[9] The final written decision in the '1494 IPR issued after the present reexamination request was filed on March 29, 2026, but before the Office has issued a decision on the request. Under the instant facts, element 3 has been satisfied.

When the elements of § 315(e)(1) estoppel are met, a party may not "request or maintain" a proceeding before the Office. As reflected in §§ 305, 306, and 307, a reexamination proceeding is "maintained" by the Office (not the requester) following the reexamination order by the Director under § 304, which is based on the request for reexamination (§§ 302, 303).[10] Because the present

---

[4] Request, p. i.

[5] IPR2024-01494, Paper 1, p. 71 (PTAB Sept. 27, 2024).

[6] The Federal Circuit has specifically held that 35 U.S.C. 315(e)(1) applies on a claim-by-claim basis. See *Credit Acceptance v. Westlake Servs.*, 859 F.3d 1044, 1052-53 (Fed. Cir. 2017), where the Federal Circuit explained (emphasis in italics in original):

> On its face, the relevant IPR estoppel statute, § 315(e)(1) . . . applies on a claim-by-claim basis. It provides, "[t]he petitioner in an inter partes review *of a claim* in a patent . . . that results in a final written decision under section 318(a) . . . may not request or maintain a proceeding before the Office *with respect to that claim* . . ." 35 U.S.C. § 315(e)(1) (emphasis added). There is no IPR estoppel with respect to a claim as to which no final written decision results.

[7] Request, p. 3.

[8] IPR2024-01494, Paper 58, p. 53 (PTAB Apr. 28, 2026).

[9] IPR2024-01494, Paper 58, p. 53 (PTAB Apr. 28, 2026).

[10] *See* "Decision on Remand," issued April 27, 2026 in 90/019,617 ('617 Decision), pp. 10-11, for a discussion of Office policy regarding "maintaining" a proceeding per § 315(e)(1).

reexamination is prior to the Director's order, a proceeding is being requested and there is no reexamination proceeding pending or being maintained by the Office.[11]

Therefore, the question of whether § 315(e)(1) estoppel attaches as of the final written decision in the '1494 IPR, which issued after the filing of the present reexamination request, turns on the "request" element of the estoppel statute. The Office interprets "request" to refer to the act of requesting reexamination, and therefore includes not just the filing of the request but also the time between the filing of the request papers and the § 303 determination by the Director.[12] Accordingly, because reexamination was not yet ordered as of the issuance of the final written decision in the '1494 IPR, § 315(e)(1) estoppel prevents requester from requesting reexamination under the particular facts and circumstances in this instance.

The record shows that element 3 has been satisfied because the '1494 IPR resulted in a final written decision on claims 5, 6, and 9-20 of the '909 patent, while the requester was still requesting a reexamination and prior to the Office's decision on the request.

### D. The record sufficiently shows that element 4 is satisfied

To satisfy element 4, the record must sufficiently show that the ground(s) raised in the reexamination request are ground(s) that were raised or reasonably could have been raised by the requester during the prior *inter partes* review.[13] The record shows that the grounds raised by the requester against claims 5, 6, and 9-20 in the present reexamination request were not previously raised in the prior *inter partes* review. Therefore, this element turns on whether the grounds reasonably could have been raised by the requester during the prior *inter partes* review.

#### 1. Grounds raised in the present request

The present request raised two proposed grounds of rejection. In the first ground, the requester proposed that claims 9, 15, and 20 are anticipated by Kishi.[14] In the second ground, requester proposed that claims 5, 6, and 9-20 are obvious over Parkin '814[15] and Kishi. Neither Kishi nor Parkin '814 were relied upon in the grounds raised during the '1494 IPR.[16]

---

[11] *See* '617 Decision, pp. 10-11. Once reexamination is ordered, however, the Office maintains the proceeding and § 315(e)(1) estoppel is not applicable to the Office. *See In re Gesture Tech. Partners, LLC*, 160 F.4th 1317, 1321 (Fed. Cir. 2025) ("A petitioner requests a reexamination, [35 U.S.C.] § 302, and a petitioner may file a reply if the patent owner chooses to file a statement, *id.* § 304, but the petitioner does not maintain the proceeding. Rather, the Patent Office does. . . . We thus conclude that the estoppel provision of 35 U.S.C. § 315(e)(1) is inapplicable against the Patent Office to ongoing ex parte reexamination proceedings.") (internal citations omitted).
[12] *See* '617 Decision, pp. 11-12, for a discussion of Office policy regarding "requesting" a proceeding per § 315(e)(1).
[13] *See also* "Decision *Sua Sponte* Vacating *Ex Parte* Reexamination Request Filing Date and Dismissing Petition as Moot," issued September 10, 2020 in 90/014,535 ('535 Decision), pp. 5-7, for a discussion of Office policy.
[14] Japanese Patent Application Publication No. JP2000-106462A to Kishi *et al.*, published Apr. 11, 2000 (Kishi).
[15] U.S. Patent Application Publication No. 2009/0324814 A1 to Parkin, published Dec. 31, 2009 (Parkin '814).
[16] IPR2024-01494, Paper 1, p. 16 (PTAB Sept. 27, 2024).

### 2. "Reasonably could have been raised"

As an initial matter, the issue of what prior art reasonably could have been raised need not be further addressed if the record provides evidence, for example, that a reference was known to the requester at a time when it could have been raised in the *inter partes* review. The issue of what prior art reasonably could have been raised in an earlier *inter partes* review, however, is not limited to the actual knowledge of the requester. The legislative history of the AIA defines "reasonably could have raised" as "prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover,"[17] and the Federal Circuit has applied this standard when reviewing estoppel issues under § 315(e).[18] In view of the number of commercial databases available to the public, most patents and printed publications, particularly U.S. patents and U.S. patent application publications, may, in general, be expected to be discovered by a skilled searcher conducting a diligent search.

A requester may, however, provide evidence that a skilled searcher conducting a diligent search reasonably could not have been expected to discover the reference. The legislative history of the AIA clarifies that "reasonably could have raised" does not require a "scorched-earth search":[19]

> The present bill also softens the could-have-raised estoppel that is applied by *inter partes* review against subsequent civil litigation by adding the modifier "reasonably." It is possible that courts would have read this limitation into current law's estoppel. Current law, however, is also amenable to the interpretation that litigants are estopped from raising any issue that it would have been physically possible to raise in the *inter partes* reexamination, even if only a scorched-earth search around the world would have uncovered the prior art in question. Adding the modifier "reasonably" ensures that the could-have-raised estoppel extends only to that prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover.

The requester may show, for example, that a reference is an "obscure text[] unlikely to be discovered upon a reasonably diligent search of the relevant prior art."[20]

### 3. All grounds in the present request reasonably could have been raised in the prior IPR

In its request, requester provides no evidence to show any of the references presented are an "obscure text[] unlikely to be discovered upon a reasonably diligent search of the relevant prior art."[21] Further, the record demonstrates that each of the grounds raised in the present reexamination request relies on prior art which requester is presumed to have been aware of or

---

[17] *See* 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).
[18] *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1298 (Fed. Cir. 2023).
[19] 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).
[20] *See Praxair Distribution, Inc. et al. v. INO Therapeutics, LLC*, IPR2016-00781, Paper 10, p. 9 (PTAB Aug. 25, 2016) (*Praxair*).
[21] *See generally* request; *Praxair*, IPR2016-00781, Paper 10, p. 9 (PTAB Aug. 25, 2016).

which a skilled searcher conducting a diligent search reasonably could have been expected to discover at the time of the prior '1494 IPR.[22]

The Parkin '814 reference was not raised in the '1494 IPR but is a U.S. patent application publication with a publication year of 2009 and is listed on the face of the '909 patent.[23] A requester is presumed to have been aware of a reference that is listed on the face of the patent at issue in the reexamination request.[24] Therefore, requester is presumed to have known about Parkin '814, when initially filing the '1494 IPR petition. Further, "reasonably could have raised" means "prior art which a skilled searcher conducting a diligent search reasonably could have been expected to discover," as explained above. Here, Parkin '814 is a U.S. patent application publication from the same technical field as the '909 patent.[25] Thus, a skilled searcher conducting a diligent search reasonably could have been expected to discover the Parkin '814 reference, when initially filing the '1494 IPR petition.

The Kishi reference was also not raised in the '1494 IPR but is a Japanese patent application publication with a publication year of 2000. Kishi was applied in a rejection by the examiner in an Office action mailed on June 26, 2024 in child application 18/232,576,[26] which claimed priority to application 18/219,320 which matured into the '909 patent.[27] A skilled searcher conducting a diligent search would have reasonably looked to the prosecution history in applications related to the '909 patent for relevant prior art. Further, Kishi is from the same technical field as Parkin '814 and the '909 patent,[28] and the face of Kishi and the '909 patent each list the shared CPC Classification code G11C 11/15. Although Kishi is in Japanese, translations of foreign patents are present in publicly available patent databases. Therefore, a skilled searcher conducting a diligent search reasonably could have been expected to discover the Kishi reference when initially filing the '1494 IPR petition.

Accordingly, the proposed grounds asserting a substantial new question of patentability in the present request based on Kishi alone or in combination with Parkin '814 reasonably could have been raised in the prior '1494 IPR, and the record shows that element 4 has been satisfied.

### E. All four elements of the 35 U.S.C. 315(e)(1) estoppel provisions are satisfied

The record sufficiently shows that the estoppel provisions of 35 U.S.C. 315(e)(1) apply to requester with respect to claims 5, 6, and 9-20 of the '909 patent. As stated above, the record shows that the third party requester of the present reexamination request, Western Digital, was the petitioner of the '1494 IPR, and that IPR resulted in the Office issuing a final written decision pursuant to 35

---

[22] If the record shows that the references relied on in the request were known (or presumed to be known) to requester or reasonably could have been expected to be discovered by a "skilled searcher conducting a diligent search" at the time of filing the petition for *inter partes* review, then any grounds based on those references reasonably could have been raised by the requester during the *inter partes* review.
[23] '909 patent, p. 3.
[24] *See* '535 Decision, p. 5.
[25] A magnetic tunnel junction device. *See* '909 patent at col. 1, lines 39-40.
[26] *See* Request, p. 12-13, discussing the rejection over Kishi in child application 18/232,576.
[27] *See* U.S. Patent Application Publication No. 2023/0413685 to Yuasa, published Dec. 21, 2023, listing priority claim to 18/219,320.
[28] Ferromagnetic tunnel junction device. *See* Kishi, English translation (Exhibit 4), col. 1, lines 44-48.

U.S.C. 318(a) regarding claims 5, 6, and 9-20 of the ’909 patent. Further, the proposed grounds in the present request reasonably could have been raised by Western Digital in the prior ’1494 IPR. Accordingly, under the particular facts and circumstances in this instance, the requester is estopped under 35 U.S.C. 315(e)(1) from requesting reexamination of claims 5, 6, and 9-20 of the ’909 patent on the grounds raised in the request.

## II. Patent owner’s petition and requester’s opposition are dismissed as moot

Patent owner’s 1.183 petition and 1.181 petition, and requester’s 1.183 petition and opposition, are **dismissed as moot** in view of the present decision *sua sponte* vacating the filing date of the present reexamination request.

## III. The filing date of the 90/016,097 reexamination request is vacated

As set forth in section I of this decision, requester is estopped under 35 U.S.C. 315(e)(1) from requesting reexamination of claims 5, 6, and 9-20 of the ’909 patent on the grounds raised in the request. Accordingly, the request is not proper under 37 CFR 1.510(a) and the filing date of March 29, 2026, which was assigned to the present reexamination request, is hereby **vacated**.

The deposited request papers, previously issued Office communications, and any other papers deposited by the parties in the present reexamination, were scanned into the electronic image file wrapper (IFW) to create a record. Because the filing date of the present reexamination request is vacated, **all papers**, including the request papers, previously issued Office communications, and any other papers deposited by the parties in the present reexamination, have been **expunged** by marking the papers “closed” and “non-public,” and will not constitute part of the public record.

The present decision will **remain open to the public**, to provide a record of the action taken.

## CONCLUSION

1. Requester is estopped under 35 U.S.C. 315(e)(1) from requesting reexamination of claims 5, 6, and 9-20 of the ’909 patent on the grounds raised in the request. As a result, the request is not proper under 37 CFR 1.510(a) and the March 29, 2026 filing date of the present reexamination request is hereby **vacated**.

2. Patent owner’s May 8, 2026 1.183 petition and 1.181 petition, and requester’s May 19, 2026 1.183 petition and opposition, are **dismissed as moot** in view of the present decision *sua sponte* vacating the filing date of the present reexamination request.

3. **All papers**, including the request papers, previously issued Office communications, and all other papers deposited by the parties in the present reexamination, have been **expunged** by marking the papers “closed” and “non-public,” and will not constitute part of the public record.

4. The present decision **will remain open to the public** to provide a record of the action taken.

5. A refund of the reexamination filing fee will be made to the requester in due course.

6. Any inquiry concerning this communication should be directed to Steven J. Fulk, Legal Advisor, Office of Patent Legal Administration, at (571) 270-0072, or the undersigned at (571) 272-7717.

/Nicole D. Haines/
Nicole D. Haines
Senior Legal Advisor
Office of Patent Legal Administration

May 26, 2026